FILED
SUPERIOR COURT
OF GUAM

2012 DEC -3 PM 2:29

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM )   Criminal Case No. CF0020-08
)
)
vs. )   DECISION AND ORDER: Defendants'
)   Motion to Dismiss For Failure to Bring
)   The Defendant in Front of a Magistrate
)   Within 48 Hrs.
DAVID Q. MANILA, )
ANTHONY T. QUENGA, )
MARIO L. LAXAMANA, )
Defendants. )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 26, 2012, for a hearing on Defendants' Motion to Dismiss For Failure to Bring the Defendant In Front of a Magistrate Within 48 Hours. Assistant Attorney Generals Nelson J. Werner and Lea L. Kear represented the People of Guam ("the People"). Attorney William B. Pole appeared on behalf of David Q. Manila ("Defendant Manila"). Attorney Peter C. Perez appeared on behalf of Mario L. Laxamana ("Defendant Laxamana"). Attorney Leevin T. Camacho appeared on behalf of Anthony T. Quenga ("Defendant Quenga"). Upon review of the oral and written arguments, and legal authorities presented by the parties, the Court hereby issues this Decision and Order DENYING Defendants' Motion to Dismiss.

## BACKGROUND

On November 16, 2012, Defendants were indicted by a Superior Court of Guam Grand Jury. Superseding Indictment (Nov. 16, 2012). The People filed a Motion to Unseal the

CF0020-08: People v. Song Ja Cha, et al.

ORIGINAL

Superseding Indictment on November 19, 2012. Defendants Manila and Quenga are currently held in the custody of the Guam Detention Facility pending the posting of *cash* bail in the amount of $250,000.00. Commitment Order (Nov. 19, 2012). Defendant Laxamana has been released after posting $100,000 cash bail on November 23, 2012. Order of Conditional Release & Appearance Bond (Nov. 23, 2012).

Defendant Manila filed a Motion to Dismiss Indictment For Failure to Bring the Defendant In Front of a Magistrate Within 48 Hours on November 19, 2012. Defendant Laxamana also filed a Motion to Dismiss on November 19, 2012, based on the 48 hour rule. Subsequently, Defendant Laxamana filed a joinder in motions of co-defendants. Defendant Quenga argued on the issue concerning the 48 hour rule.

The People filed their opposition to Defendants' Motion to Dismiss on November 23, 2012. On November 26, 2012, the Court heard oral arguments on Defendants' motion and now issues this Decision and Order.

## DISCUSSION

Defendants move the Court to dismiss the instant case for failure to bring the Defendants before a Magistrate Judge within forty-eight hours. Defendants specifically cite to 8 GCA § 45.10(c). Defendants argue that they were not brought before any judge until November 19, 2012, following arrest warrants issued on November 16, 2012.

The People oppose Defendants Motion to Dismiss and argue that "the Indictment was ordered sealed at [their] request for the protection of the defendants and the arresting Marshals." People's Opposition to Def's Mot. to Dismiss (Nov. 23, 2012). The People also contend that they "asked the Magistrate Court to hear a return of warrant." *Id.* The "Magistrate hearings were conducted as scheduled" on November 17, 2012, however, the return of warrant was not heard by the Magistrate Judge "because the indictment was sealed." *Id.* Instead, the Magistrate Judge continued the matter as indicated in the Court's recording log for a "next hearing on November 19, 2012 at 11 a.m. See Super. Ct. of Guam Recording Log at 3:07:40 (Nov. 17, 2012).

2

CF0020-08: People v. Song Ja Cha, et al.

The People argue that "extraordinary circumstances existed in this case, and but for such extraordinary circumstances, defendants would have been brought before a judge well within 48 hours." People's Opposition to Def's Mot. to Dismiss (Nov. 23, 2012). Furthermore, the People contend that Defendants have not shown any prejudice to warrant dismissal with prejudice. *Id.*

The Court also reviewed the submissions of other local trial court authorities provided by Defendant Laxamana. In People v. Laguana, CF138-05, Defendant Laguana was not brought before a magistrate until sixty-five days after his arrest. In People v. Anastacio, CF150-06, the issue before the court was whether a 13 day delay in bringing Defendant before a judge warranted dismissal of the indictment.

Guam law specifically provides the duty to deliver an arrestee to a Judge as follows:

> The person arrested *shall* in all cases be taken before the judge within forty-eight (48) hours after the arrest, *except* that when the forty-eight (48) hour period expires, it is the burden of the government to demonstrate that a bona fide emergency *or* an extraordinary circumstance existed.

8 GCA § 45.10(c).

The statutory language above was enacted into law on May 9, 2008, pursuant to P.L. 29-075:1. The statute has been addressed in an Order issued by the Supreme Court of Guam. "Title 8 GCA § 45.10 (c) is derived, in part, from California Penal Code §825" People v. Brown, CRA-07-005 (Order at 5 (Oct. 19, 2007)). Furthermore, the Supreme Court of Guam "has previously held that California's interpretations of its statutes provides guidance to this court's parallel Guam law." *Id.* at 6. California Penal Code § 825 (a) reflects a forty-eight hour provision and reads in relevant part:

> (1) Except as provided in paragraph (2), the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays.

3

CF0020-08: People v. Song Ja Cha, et al.

"California courts have strongly rejected the remedy of dismissal when there has been a delay in a defendant's first appearance before a judge." *Id.* "A mere violation of Section 825, Penal Code, will not aid [Defendant] without a further showing of prejudice suffered by him as a result of his detention." *Id.* Brown goes on to cite that "[a] violation of a defendant's right to be taken before a magistrate within the time specified by the law does not require a reversal unless he shows that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof." *Id.* There is no issue relative to deprivation of a fair trial or prejudice in the instant case.

The People have demonstrated that an extraordinary circumstance existed and the Court finds that they have met that burden. The People attempted to magistrate defendants on November 17, 2012, however, the matter was continued to November 19, 2012, at 11 a.m., because of the case being sealed. The mere fact of a delay between arrest and the first appearance does not automatically result in dismissal. Order at 5 (Nov. 19, 2007).

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendants Motion to Dismiss.

**SO ORDERED** this 3 day of Dec. , 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 8 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, L.Camacho, W.Pole
P.Perez, R.cunliffe, POSC, W.Jones
Date: 12-2-12 Time: 225pm

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

CF0020-08: People v. Song Ja Cha, et al.